IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LAWRENCE EAGLIN,<br>TDCJ-CID # 633220, | §<br>§<br>§ | |
| Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION H-05-0012 |
| PAMELA BAGGETT, et al., | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

**MEMORANDUM OPINION AND ORDER**

Lawrence Eaglin, a prisoner of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 against the following prison officials: Warden Pamela Baggett, Sex Offender Treatment Program (S.O.T.P.) Administrator John W. Christian, S.O.T.P. Psychologist Brian Kasper, S.O.T.P. Case Manager Doris McMillian, and Grievance Coordinator Bill Lewis. Eaglin complains that the defendants have been coercing him to participate in the S.O.T.P. and give statements against his interest. Eaglin has also filed a motion for a preliminary injunction preventing the defendants from continuing to pressure him to participate in the program. The court will deny the motion and will dismiss this action as legally baseless.

**I. Allegations and Claims**

Eaglin was convicted of burglary of a habitation with intent to commit sexual assault, and the trail court sentenced him to thirty-five years in the TDCJ-CID. *Eaglin v. State*, 843 S.W.2d 153 (Tex. App.- Hous. [14th Dist.] 1992, pet. ref'd). On May 27, 2004, Eaglin was mandatorily assigned

to the S.O.T.P. at the TDCJ-CID Goree Unit. He was told that if he refused to participate in the program he would be punished by forfeiture of earned good-time credits, demotion in time earning classification, loss of privileges, and placement in more restrictive conditions including solitary confinement. Part of the mandatory participation includes completing and signing an "Admission of Responsibility" form where the participants are to discuss their personal and sexual histories as well as admit to any illicit sexual acts they have committed, regardless of whether any charges were filed.

Eaglin alleges that the information gathered is published on a website and that some of the information is false. He also states that various techniques are used to coerce participants including the above stated sanctions. Eaglin states that he was never given prior notice at trial or during sentencing that he was going to have to participate in the S.O.T.P. which he compares to psychiatric treatment. He complains that the program forces him to forego his right to remain silent pursuant to the fifth amendment although he has been warned that any information he divulges can be used against him.

Eaglin sues Warden Baggett because she allegedly failed to protect his right to remain silent despite the fact that he filed a grievance informing her of the violation of his rights. Lewis is named as a defendant for failing to intervene after receiving Eaglin's grievance. Eaglin contends that Christian is liable for refusing to allow Eaglin to voluntarily withdraw from the S.O.T.P without being penalized. Eaglin maintains that Christian's actions will cause Eaglin to lose his privileges and accrued good-time and force him to serve the remainder of his sentence in a medium or maximum security unit. Kasper, Eaglin's therapist, and McMillian, his case manager, are named as defendants because they refused to acquiesce to Eaglin's desire to remain silent. Eaglin also

alleges that he was forced to discuss matters that did not relate to his offense. He further complains that the regimen has caused him to experience mental stress by having to endure the incriminating statements and knowing that he may be forced to continue with a similar program after he has been released from prison. In addition, he contends that he may have to serve more time if he does not cooperate.

Eaglin seeks an injunctive order enjoining the defendants from requiring him to participate in the S.O.T.P. or using any coercive tactics to compel him to divulge self-incriminating information. He also seeks an injunction preventing the defendants from retaliating against him for exercising his fifth amendment rights. He also seeks $ 250,000 in compensatory damages and $ 500,000 in punitive damages from each defendant.

## II. Analysis

As a prisoner seeking relief under section 1983, Eaglin can only obtain relief if he can show that a state actor has violated his rights under the United States Constitution or the laws of the United States. *Moore v. Willis Independent School Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). To the extent that Eaglin challenges his placement in the S.O.T.P., he does not have a constitutional right to a particular classification. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Nor does he have a right to avoid being identified as a sex offender in prison records. *Jones v. Puckett*, 160 F.Supp.2d 1016 (W.D. Wis. 2001). The use of sex offender programs which force prisoners to confront and acknowledge their history of deviant behavior has been upheld by the Supreme Court. *McKune v. Lile*, 122 S.Ct. 2017 (2002). Such programs serve a "'legitimate penological objective' in rehabilitation.'" *Id.* at 2025. Moreover, parolees can be required to participate in similar programs after they leave prison. *Rieck v. Cockrell*, 321 F.3d 487 (5th Cir. 2003).

3

Most of the sanctions cited by Eaglin regarding loss of privileges, placement in less amenable circumstances, and restrictive conditions, are not actionable in any circumstances. *McKune*, at 2026, *citing Sandin v. Connor*, 115 S.Ct. 2293 (1995). *See also Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (mere changes in prison conditions do not implicate due process concerns). The possibility that Eaglin might miss the opportunity to earn good-time due to a demotion also fails to support any claim of a civil rights violation because Eaglin is not guaranteed the right to earn good-time. *Malchi*, at 959; TEX. GOVT. CODE § 498.003(a) (Vernon Supp. 2004) ("Good conduct time is a privilege and not a right.").

Eaglin's speculative concerns that he might actually lose good-time due to his lack of cooperation are not actionable either because he has failed to show that he has actually suffered any harm as a result of the defendants' actions. *See Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995), *citing Hernandez v. Maxwell*, 905 F.2d 94, 95 (5th Cir. 1989). *See also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995). Even if Eaglin had established that he had been deprived of good-time, his claim would not be cognizable under the provisions of § 1983. *Biliski*, at 162.

Should Eaglin be forced to forfeit good time credits due to the S.O.T.P., his proper course of action would be to file a petition for a writ of habeas corpus after exhausting appropriate state court remedies as required by 28 U.S.C. § 2254. *Coleman v. Dretke*, 409 F.3d 665, 669 (5th Cir. 2005), *citing Preiser v. Rodriguez*, 93 S.Ct. 1827 (1973), *petition for cert. filed* (Aug. 11, 2005) (No. 05-218). He cannot seek relief under § 1983 until he successfully overturns the prospective forfeiture. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996), *citing Heck v. Humphrey*, 114 S.Ct. 2372 (1994).

The federal courts are authorized to screen and dismiss frivolous complaints filed by prisoners. 28 U.S.C. § 1915A; *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998). This action is frivolous because it lacks an arguable basis in law. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

### III.  Conclusion

The court **ORDERS** the following:

1. The Motion for Preliminary Injunction (Docket Entry No. 2) is **DENIED**.

2. This action, filed by Lawrence Eaglin, TDCJ-CID # 633220, is **DISMISSED** because it is frivolous. 28 U.S.C. § 1915A.

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 9th day of September, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE